[Civ. No. 839.   First Appellate District.—December 29, 1910.]

## J. C. HOFFMANN, Appellant, v. W. S. OSBORN, Respondent.

CONTRACT TO SELL IMPROVED LOT IN NINETY DAYS—SURPLUS PROFITS—INSUFFICIENT COMPLAINT.—Where a builder of a cottage on a lot selected by the plaintiff took the title in his own name, and by agreement plaintiff obtained a loan of $1,500 secured by the builder's mortgage on the lot, which included payment for the lot and cottage except the last payment of $1,100 on the cottage, which was to be paid out of the proceeds of a sale to be made by the plaintiff within ninety days, any surplus profits on such sale to be the plaintiff's, and if no sale was made in that time the property was to belong to the defendant builder, a complaint which alleges no sale, but merely a tender of the $1,100 within ninety days, and the refusal of the defendant to sell or convey the property, without alleging any contract to convey, oral or written, states no cause of action.

APPEAL from a judgment of the Superior Court of Alameda County. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

F. A. Berlin, for Appellant.

Edward K. Taylor, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment by default entered against the plaintiff after a demurrer to his complaint had been sustained, and he had failed to amend within the time allowed by the court.

Plaintiff does not appear to rely upon the first count as a sufficient statement of a cause of action. His brief is confined to a discussion of the matters set forth in the second count. We therefore will not discuss in detail the allegations of the first count. Suffice it to say that it manifestly fails to state a cause of action.

The second count alleges that plaintiff and defendant agreed that the plaintiff should select a lot in Alameda on which defendant agreed to build a cottage according to designated plans; that the plaintiff did select the lot and that defendant did erect the cottage; that it was agreed that in consideration of the defendant purchasing the materials and erecting the house plaintiff should pay him the sum of $1,900. The time, manner and terms of agreement as to payments are alleged to be as follows: "When house is inclosed and rustic and roof on and ready for plaster $1,000, out of which sum is to be paid $700 for balance purchase price of lot, and deed of which lot is to be put in name of said W. S. Osborn; balance of $1,600 to be paid as follows: $500 when house is completed and ready for occupancy, and the balance of $1,100 when house is sold, and if not sold within ninety days from date of its completion, title to said property to remain in said W. S. Osborn's name, unless time to sell is mutually extended." It is, however, further alleged that the parties agreed that when the house had reached the stage at which the first payment was to be made the plaintiff should procure a loan of $1,500 on a mortgage of the property, and out of the proceeds of the loan he was to make the first payment of $1,000 (of which $700 was to go on the purchase price of the lot) and the second payment of $500. The complaint alleges that this was done, the deed being taken in defendant's name and he executing the mortgage; that it was agreed that plaintiff should sell the property at the best price obtainable, and retain the surplus after paying the costs of the lot ($700) and of the building ($1,900), but that if the property was not sold within ninety days after completion the absolute title thereto was to remain in defendant, and plaintiff was to have no further interest in the property. The complaint finally alleges a performance by plaintiff of all the conditions, and the tender by him of the balance of $1,100 due on the contract within ninety days after

completion of the building, and the refusal of the defendant to sell or convey.

The cause of action which the second count attempts to allege is one for breach of an agreement by which the plaintiff was to sell the property within ninety days after completion of the cottage, and receive whatever surplus there was after payment to the defendant of $1,100.   But it does not allege any sale of the cottage by plaintiff within that period; recovery of the amount claimed is sought on the ground that the defendant failed to convey the property to plaintiff, but this count alleges no contract to convey, either oral or written.

The points of the special demurrer are without merit.

The judgment is affirmed.

Hall, J., and Cooper, P. J., concurred.